IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 24-614-JLH |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Netlist, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or Alternatively to Transfer. (D.I. 17.) For the reasons summarized below, Defendant's Motion is DENIED.

1. Plaintiffs Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (together "Samsung") and Defendant Netlist, Inc. ("Netlist") are engaged in a global patent dispute in which Netlist has accused Samsung of infringing at least fifteen patents relating to memory technology. In another case pending before this Court, *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, No. 21-1453-JLH (D. Del.), Netlist alleges that certain of Samsung's memory modules infringe two allegedly standard-essential patents: U.S. Patent Nos. 9,858,218 ("'218 patent") and 10,474,595 ("'595 patent"). In yet another case pending before this Court, *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, No. 23-1122-JLH (D. Del.), Samsung seeks a declaratory judgment of non-infringement of another Netlist patent in the same family as the '218 and '595 patents: U.S. Patent No. 11,386,024 ("'024 patent"). U.S. Patent No. 11,880,319 ("'319

patent") is in the same family as the '218, '595, and '024 patents. Count I of Samsung's Complaint in this case seeks a declaratory judgment that the same memory modules accused of infringing the '218 and '595 patents in No. 21-1453 (which Samsung denies) do not infringe the related '319 patent either. Count II is pleaded in the alternative, and it alleges breach of contract. The theory is that, to the extent the '319 patent is essential to the memory technology standards set by the Joint Electron Device Engineering Council ("JEDEC"), Netlist breached its obligation to license the '319 patent to Samsung on RAND terms.

2.   Netlist argues that Count I should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. I disagree. Under the Declaratory Judgment Act, a district court has jurisdiction to "declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a), when, "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The totality of the circumstances—including that the parties are currently engaged in a global patent dispute in which Netlist has repeatedly sued Samsung and its customers for infringement, and Netlist alleges that the same products at issue in this case infringe two patents related to the patent at issue in this case—make clear that an immediate, actual controversy exists over whether Samsung infringes the '319 patent. Notably, Netlist has not offered a covenant not to sue on the '319 patent. *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014). Nor is the Court persuaded that it should exercise its discretion to decline to entertain Samsung's request for a declaratory judgment.

3.   Netlist does not dispute that the Court may exercise supplemental jurisdiction over Count II. But Netlist argues that Count II should be dismissed under Rule 12(b)(6) for failure to

state a claim. I disagree. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Count II is pleaded in the alternative, and it plausibly alleges that, if the '319 patent claims read on the functionality in Samsung's products, then the '319 patent is essential and must be licensed on RAND terms.

4. Netlist—a Delaware corporation—argues that this case should be transferred to Eastern District of Texas pursuant to 28 U.S.C. § 1404. I disagree. The parties do not dispute that this case could have been filed in the Eastern District of Texas. Accordingly, the question for the Court is whether Netlist has met its burden to establish that a balancing of the appropriate interests weighs in favor of transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (setting forth the private and public interests that courts should consider). Having considered all the appropriate private and public interests, the Court finds that Netlist has not met its burden to establish that transfer is appropriate. Notably, Netlist concedes that many of the factors are neutral, and the fact that this Court is presiding over two other actions involving the same products and patent family strongly counsels against transfer.

5. For the reasons set forth above, Netlist, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or Alternatively to Transfer is DENIED.

Dated: March 4, 2025

                                                   The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE