IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) C.A. No. 24-614-JLH ) ) ) ) ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT NETLIST, INC.'S
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:
Jason G. Sheasby
Andrew J. Strabone
Isabella Chestney
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

Dated: June 13, 2025

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ......................................................................1

    I.    Despite Never Being Accused of Infringing the '319 Patent, Samsung Files This Lawsuit Seeking Declaratory Judgment of Non-Infringement ..............................................................................................1

    II.    This Case Is in Its Infancy ...............................................................................2

    III.    Every Claim in This Case Rests on Infringement of the '319 Patent ..............................................................................................................2

    IV.    Samsung's *Inter Partes* Review Challenges the Patentability of Every Claim of the '319 Patent ........................................................................3

    V.    Samsung Has Repeatedly Sought Stays Pending *Inter Partes* Review Involving Disputes with Netlist ............................................................3

SUMMARY OF ARGUMENT .............................................................................................4

ARGUMENT ..........................................................................................................................6

    I.    The Extremely Early Stage of the Litigation Favors a Stay .............................7

    II.    A Stay Will Not Unduly Prejudice Samsung ...................................................8

    III.    A Stay Could Greatly Simplify the Issues in This Litigation ..........................9

CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
  C.A. No. 15-595, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ...................................................8

*AgroFresh Inc. v. Essentiv LLC*,
  C.A. No. 16-662, 2019 WL 2327654 (D. Del. May 31, 2019).........................................6, 8, 9

*Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*,
  C.A. No. 18-1679, 2020 WL 2849989 (D. Del. June 2, 2020)..................................................5

*Cleveland Med. Devices, Inc. v. ResMed Inc.*,
  C.A. No. 22-794, D.I. 300 (Oral Order) (D. Del. June 21, 2024)...........................................10

*Ethicon LLC v. Intuitive Surgical, Inc.*,
  C.A. No. 17-871, 2019 WL 1276029 (D. Del. Mar. 20, 2019)..................................................6

*Helios Streaming, LLC v. Vudu, Inc.*,
  C.A. No. 19-1792, 2021 WL 8155604 (D. Del. Aug. 5, 2021) .................................................7

*HIP, Inc. v. Hormel Foods Corp.*,
  C.A. No. 18-615, 2019 WL 7667104 (D. Del. May 16, 2019)..................................................9

*ImmerVision, Inc. v. Apple Inc.*,
  C.A. No. 21-1484, D.I. 159 (Oral Order) (D. Del. October 17, 2023) ...................................10

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  C.A. No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ......................................6, 7, 10

*Monterey Rsch., LLC v. Nanya Tech. Corp.*,
  C.A. No. 19-2090, 2021 WL 6502552 (D. Del. June 25, 2021)................................................8

*NEC Corp. v. Peloton Interactive, Inc.*,
  C.A. No. 22-987, D.I. 211 (Oral Order) (D. Del. June 21, 2024)...........................................10

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.*,
  C.A. No. 21-463 (E.D. Tex. 2021).................................................................................. passim

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.*,
  C.A. No. 22-293 (E.D. Tex. 2022).................................................................................. passim

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
  C.A. No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014)................................................8

*RetailMeNot, Inc. v. Honey Sci. LLC*,
 C.A. No. 18-937, 2020 WL 373341 (D. Del. Jan. 23, 2020) ...................................................... 7

*Samsung Elecs. Co., Ltd. v. Netlist, Inc.*,
 C.A. No. 21-1453 (D. Del.) ............................................................................................... *passim*

*Samsung Elecs. Co., Ltd. v. Netlist, Inc.*,
 IPR2025-00002, Paper 17 (PTAB May 15, 2025) ..................................................................... 3

*SenoRx, Inc. v. Hologic, Inc.*,
 C.A. No. 12-173, 2013 WL 144255 (D. Del. Jan. 11, 2013) ..................................................... 7

*UCB, Inc. v. Hetero USA Inc.*,
 277 F. Supp. 3d 687 (D. Del. 2017) ........................................................................................... 6

**Statutes**

35 U.S.C. § 314(a) ............................................................................................................................. 5

**Regulations**

37 C.F.R. § 42.100(c) ................................................................................................................... 3, 5

# INTRODUCTION

Defendant Netlist, Inc. ("Netlist") had never previously asserted that Plaintiffs Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., or Samsung Electronics America, Inc. ("Samsung") infringed any claims of the U.S. Patent No. 11,880,319 ("the '319 Patent") prior to this proceeding. Nevertheless, Samsung seeks a declaratory judgment that it does not infringe the '319 Patent, and that, if Samsung does infringe, that Netlist somehow breached a contractual obligation to license the '319 Patent on reasonable and non-discriminatory ("RAND") terms. Netlist denies these claims and has now counterclaimed infringement of the '319 Patent. At present, this case is still in its infancy as Samsung has not yet answered Netlist's counterclaim of infringement. But every claim in this case turns on infringement of the '319 Patent and thus requires those patents to be valid. And, at Samsung's behest, the U.S. Patent & Trademark Office's Patent Trial & Appeal Board ("PTAB") recently instituted *inter partes* review ("IPR") to evaluate the patentability of claims 1–20 of the '319 Patent. In so doing, the PTAB found a "reasonable likelihood" that one of these claims is invalid. Under these unique circumstances—where Netlist had never previously asserted the claims of the '319 Patent were infringed by Samsung, where every single claim and counterclaim depends on the validity of '319 Patent to support infringement, and where this case has barely begun—Netlist respectfully moves to stay this action pending IPR of the '319 Patent.

## NATURE AND STAGE OF PROCEEDINGS

**I.  Despite Never Being Accused of Infringing the '319 Patent, Samsung Files This Lawsuit Seeking Declaratory Judgment of Non-Infringement**

As Netlist has previously explained, "Netlist has never accused Samsung or any party of infringing the '319 patent" and "[a]t no point did Netlist communicate any belief that Samsung infringed the '319 patent." D.I. 18 at 3, 5–7, 10. Nevertheless, Samsung filed this case on May 22,

2024, seeking a declaratory judgment that it does not infringe the '319 Patent, and that, if Samsung does infringe, that Netlist somehow breached a contractual obligation to license the '319 Patent on RAND terms. D.I. 1.

## II. This Case Is in Its Infancy

After receiving Samsung's complaint, Netlist promptly moved to dismiss. D.I. 11. While that motion was pending, Samsung filed an amended complaint. D.I. 14. Netlist renewed its motion to dismiss. D.I. 17. The Court denied Netlist's motion to dismiss on March 4, 2024. D.I. 24. Netlist then answered the amended complaint on June 2, 2025, raising a counterclaim of infringement. D.I. 28. Samsung has not answered that counterclaim. A case management conference has not been scheduled, initial disclosures have not been exchanged, and no discovery has occurred. There is no schedule in this case.

## III. Every Claim in This Case Rests on Infringement of the '319 Patent

Samsung seeks a declaratory judgment that it does not infringe the '319 Patent and, in the alternative and "[t]o the extent the '319 Patent is essential to any of the JEDEC Standards," "Netlist has breached its contractual obligation to license such patent to Samsung on RAND terms and conditions." D.I. 15, ¶¶ 111, 127; *see id.*, ¶¶ 108–17 (Count I – Declaration of Non-Infringement of the '319 Patent), 118–28 (Count II – Alternative Breach of Contract). This breach of contract claim is an "alternative[]" claim only if Samsung is found to infringe the '319 Patent. *Id.* at 1, ¶¶ 3, 119 ("In the alternative, if [Samsung] infringe[s] any claims of the '319 Patent …"), 127 ("To the extent the '319 patent is essential …"). Even though Netlist had not previously accused Samsung of infringing the '319 Patent, Netlist has now counterclaimed infringement of the '319 Patent to preserve its rights. D.I. 28, ¶¶ 26–36. Every single claim in this case thus turns on infringement of the '319 Patent, which can only occur if the claims are valid.

2

### IV. Samsung's *Inter Partes* Review Challenges the Patentability of Every Claim of the '319 Patent

While this case was pending, Samsung filed an *inter partes* review, challenging the validity of claims 1–20 of the '319 Patent on multiple grounds. *See Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, IPR2025-00002 (PTAB). The PTAB recently instituted that proceeding on May 15, 2025, because it found a reasonable likelihood that at least independent claim 1 was unpatentable in view of Hazelet and Buchmann (and, alternatively, in view of Kim). *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, IPR2025-00002, Paper 17 at 55, 61 (PTAB May 15, 2025), attached as Exhibit A. A Final Written Decision addressing the patentability of all of the challenged claims is expected by May 15, 2026. 37 C.F.R. § 42.100(c).

### V. Samsung Has Repeatedly Sought Stays Pending *Inter Partes* Review Involving Disputes with Netlist

Samsung has repeatedly moved to stay the cases against Netlist in view of its pending IPRs, unambiguously touting the simplification benefits of stays pending IPR review and the lack of prejudice in such a stay. To date, Samsung has filed seven motions seeking a stay pending IPR-related proceedings in these cases.[1] Samsung sought a stay pending IPRs twice in the first litigation between Netlist and Samsung. *See Samsung I*, D.I. 74 (motion to stay pending IPRs), attached as Exhibit B; *Samsung I*, D.I. 454 (renewed motion to stay pending IPRs), attached as Exhibit C. Samsung moved *four times* in one litigation for stays pending IPRs and the related appeals. *See Samsung II*, D.I. 88 (moving to stay pending IPRs), attached as Exhibit D; *Samsung II*, D.I. 293 (renewed motion to stay pending IPRs), attached as Exhibit E; *Samsung II*, D.I. 705 (again moving to stay pending IPRs), attached as Exhibit F; *Samsung II*, D.I. 738 (moving to stay

---

[1] *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, C.A. No. 21-463 (E.D. Tex. 2021) (*Samsung I*); *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, C.A. No. 22-293 (E.D. Tex. 2022) (*Samsung II*).

pending appeal of IPRs), attached as Exhibit G.

To illustrate, in another declaratory judgment proceeding involving patents related to the '319 Patent in this Court,[2] Samsung moved for a stay of the litigation in view of merely potential (not yet filed) IPR appeals. *Samsung D. Del. I,* D.I. 130, attached as Exhibit H. There, Samsung contended that a stay pending further review of a set of IPR proceedings would "moot" all claims and counterclaims and would avoid "wast[ing]" the "parties' and the Court's resources." *Id.* at 7. And, despite a statistically remote chance of reversal, Samsung even urged a stay on an appeal of an IPR that it lost, arguing even then that a stay could potentially avoid having "the parties and Courts … wast[ing] significant resources litigating the patent," including related issues on the "essential[ity] to the JEDEC standards" and RAND terms. *Id.* at 8. Samsung again highlighted the need to promote judicial economy and avoid "significant complexity, inefficiency, and duplicative discovery" in the event of reversal absent a stay. *Id.* at 10.  Samsung's view was that the "early" stage of that case—even with a scheduled trial and while the parties were squarely in the middle of fact discovery, but before invalidity contentions and claim construction—warranted a stay. *Id.* at 14–15. Samsung also did not allege that a stay would prejudice Samsung or Netlist. *Id.* at 15–17.

## SUMMARY OF ARGUMENT

Generally, Netlist, as the patent owner, would not request a stay pending IPR of its own patent—because institution need only address a single claim and, even then, institution is only a preliminary determination before a full evidentiary record is created. Yet, in the unique

---

[2] *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, C.A. No. 21-1453 (D. Del.) (*Samsung D. Del. I*). The Court ultimately stayed this action despite the fact the case had been actively litigated for over two years, the Court had already held a *Markman* hearing, and the parties exchanged extensive written discovery. That case remains stayed.

circumstances of this case, where Netlist had not previously asserted infringement of the '319 Patent prior to Samsung filing this declaratory judgment action, where the case is in its infancy, and where every claim rests on infringement of valid claims from the '319 Patent, Netlist now respectfully requests a stay until the PTAB issues its Final Written Decision.

This Court is familiar with IPR proceedings and their potential to simplify the issues in patent cases like this one. *See, e.g., Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*, C.A. No. 18-1679, 2020 WL 2849989 (D. Del. June 2, 2020) (summarizing law and granting stay). The PTAB institutes an IPR when it finds that "there is a reasonable likelihood" that one or more claims in the challenged patent are invalid. 35 U.S.C. § 314(a). An IPR normally must be completed within one year from institution. 37 C.F.R. § 42.100(c). The three factors that courts consider when addressing a stay motion—simplification, stage of the litigation, and prejudice—all weigh strongly in favor of granting a stay.

First, the instituted IPR proceedings will undoubtedly significantly simplify litigation before this Court. Each and every claim at issue in this litigation turns on infringement of a valid patent. The PTAB has indicated a "reasonable likelihood" that one claim of the purportedly non-infringed claims is invalid. Regardless of whether all or just some of the claims are ultimately held invalid, the PTAB's decision will very likely simplify the scope of this case, discovery, and dispositive motion practice as well as assist the Court's evaluation of any remaining claims in this litigation.

Second, this case is at an ideal early stage to benefit from simplification from a stay. Samsung has not even answered Netlist's counterclaim. Discovery has not begun. There is no schedule. As a result, the most costly parts of litigation and discovery, including document production, depositions, expert discovery, dispositive motions, trial, and post-trial are not even

5

scheduled. The scope and complexity of each of those major steps will likely be substantially affected—if not mooted—by the final decision of the PTAB.

Third, a stay in view of the IPRs will not prejudice Samsung, and, if anything, will be to Samsung's benefit to provide a cheaper and more expeditious forum for deciding validity of the very patents it contends it does not infringe. In stark contrast, the prejudice to Netlist is significant: Netlist will be forced to litigate in two separate forums on a patent it never asserted against Samsung on claims that may not survive IPR.

## ARGUMENT

"Whether or not to stay litigation is a matter left to the Court's discretion." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662, 2019 WL 2327654, at *1 (D. Del. May 31, 2019) (granting stay), *quoting Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019). There is a "liberal policy" in favor of stays pending instituted IPR proceedings. *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452, 2019 WL 3943058, at *4 (D. Del. Aug. 21, 2019) (granting stay and collecting cases). A court typically looks to the following factors when determining whether to stay a case: "(1) whether a stay will simplify the issues for trial," including the reduced burden of litigation on the parties and the court, "(2) whether discovery is complete and a trial date has been set," and "(3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *AgroFresh*, 2019 WL 2327654, at *1 (citations omitted); *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017) (similar factors); *British Telecomm. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366, 2019 WL 4740156, at *2–3 (D. Del. Sept. 27, 2019) (reduced burden on parties and the court is part of the simplification analysis). All three factors favor staying this case until the PTAB issues its Final Written Decision.

**I.    The Extremely Early Stage of the Litigation Favors a Stay**

This factor considers the status of the litigation, and in particular, "whether discovery is complete and a trial date has been set." *RetailMeNot, Inc. v. Honey Sci. LLC,* C.A. No. 18-937, 2020 WL 373341, at *6 (D. Del. Jan. 23, 2020). Stays are especially appropriate when, as here, the "most burdensome stages of the case[]—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE*, 2019 WL 3943058, at *5; *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013) (stays are "most often granted when the case is in the early stages of litigation."); *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792, 2021 WL 8155604, at *3 (D. Del. Aug. 5, 2021).

This case is in its infancy. Netlist's answer and counterclaim was only recently filed. Initial disclosures have not been served or exchanged. There has not been a case management conference. No discovery has been exchanged. No schedule has been set. There is no trial date. All of this means that almost all of the significant costs and expenses associated with fact and expert discovery, dispositive motions, trial, and post-trial have yet to even begin. And most of these costs and efforts—if Netlist is forced to incur them—may be entirely or mostly for naught when the PTAB issues its Final Written Decision.

Indeed, Samsung has repeatedly attested to significantly later stages of cases being early enough for a stay. *See Samsung I*, D.I. 74 (Ex. B) at 11–12 (pre-claim construction hearing with trial a year away is "ideal" for a stay); *Samsung I*, D.I. 454 (Ex. C); *Samsung II*, D.I. 88 (Ex. D) at 6–7 (trial scheduled, mid-discovery, before claim construction); *Samsung II*, D.I. 293 (Ex. E) at 8–10 (midst of discovery, before dispositive motions); *Samsung II*, D.I. 705 (Ex. F) at 7–8 ("relatively advanced stage," but without trial or pretrial conference dates, is early enough for a

stay); *Samsung II*, D.I. 738 (Ex. G) at 8–9 (pretrial conference had not yet occurred). In seeking its own stay in this Court on a set of IPR appeals, Samsung admitted that even this case with a scheduled trial in the middle of fact discovery was still an early enough stage to warrant a stay. *Samsung D. Del. I*, D.I. 130 (Ex. H) at 15–17; *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, C.A. No. 12-1461, 2014 WL 3819458, at *4 (D. Del. Jan. 15, 2014) (granting a stay when discovery had begun and an early Markman proceeding had been held, noting that "most of the significant case events are well in the future."). This case is even more nascent, and thus the early stage of this case strongly favors a stay.

## II. A Stay Will Not Unduly Prejudice Samsung

A stay will avoid the undue prejudice of forcing Netlist to litigate in two separate forums on a patent it never asserted against Samsung on claims that may or may not survive IPR. In contrast, Samsung will not suffer undue prejudice if the case is stayed to allow the PTAB to perform its work in the very IPR Samsung chose to file in parallel with Samsung's declaratory judgment action. Indeed, Samsung has repeatedly argued prejudice if there was no stay.

Courts generally consider four factors to evaluate prejudice: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *AgroFresh*, 2019 WL 2327654, at *2. Here, none of the factors shows undue prejudice to Samsung. At the outset, Netlist did not file the IPR, so the "timing" of Samsung's request for IPR is inapplicable. Next, Netlist diligently prepared its motion to stay within a few weeks of the PTAB's institution decision on May 15, 2025. *Id.* at *2 (finding that "Defendants acted with reasonable dispatch in connection with filing their motion to stay" when Defendants filed motion to stay within several weeks of institution); *Monterey Rsch., LLC v. Nanya Tech. Corp.*, C.A. No. 19-2090, 2021 WL 6502552, at *1 & n.1 (D. Del. June 25, 2021) (timing favored stay where motion was filed two months after PTAB instituted IPRs). The IPRs in this

8

case have been instituted by the PTAB, which strongly favors stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595, 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016) (It is "generally the ideal time at which to file" a request to stay after the PTAB decided to proceed with a validity trial for the asserted claims); *HIP, Inc. v. Hormel Foods Corp.*, C.A. No. 18-615, 2019 WL 7667104 (D. Del. May 16, 2019) (denying stay without prejudice where IPR had not yet been instituted). And, as to the relationship between the parties, for the purposes of seeking an IPR stay, Samsung believes that Samsung and Netlist "are not competitors," and thus this also weighs in favor of a stay. *Samsung D. Del. I*, D.I. 130 (Ex. H) at 17; *AgroFresh*, 2019 WL 2327654, at *3 (relationship of the parties "typically involves considering whether the parties are direct competitors.").

Finally, Samsung has repeatedly highlighted the prejudice it would suffer without a short stay pending IPR. *See Samsung I*, D.I. 74 (Ex. B) at 10–11 ("prejudice" of "incurring the burden of continuing to defend against infringement allegations of three complex patents that the PTAB may ultimately invalidate"); *Samsung I*, D.I. 454 (Ex. C) (filed two days before jury selection); *Samsung II*, D.I. 88 (Ex. D) at 5–6; *Samsung II*, D.I. 293 (Ex. E) at 7–8 ("modest" delay of stay is not "undue prejudice"); *Samsung II*, D.I. 705 (Ex. F) at 6–7; *Samsung II*, D.I. 738 (Ex. G) at 7–8. In an even more tenuous situation—seeking a stay pending an appeal of an IPR Samsung lost— Samsung did not allege any prejudice to itself or Netlist in an unbounded period for a stay pending an appeal. *Samsung D. Del. I*, D.I. 130 (Ex. H) at 15–17.

### III. A Stay Could Greatly Simplify the Issues in This Litigation

This factor strongly favors a stay. The PTAB has already found it is reasonably likely that at least one of the claims Samsung alleges it does not infringe is invalid. Such a finding, if confirmed in the PTAB's Final Written Decision, would eliminate the need to litigate infringement of that or any other claim found invalid, substantially narrowing the case. By letting the PTAB

first narrow this dispute, a stay is virtually guaranteed to directly eliminate a large part of the work to be done during discovery, expert discovery, dispositive motions, trial, and post-trial. For example, many questions that would be posed to technical witnesses, inventors, and experts during deposition could be eliminated. The potential case narrowing not only impacts Netlist by reducing complexity and the number of issues to litigate but also reduces the burden on Samsung and the Court. In other words, this litigation presents the situation where "allowing the PTO to adjudicate the validity of the claims before it in the IPR proceeding reduces what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court." *IOENGINE*, 2019 WL 3943058, at *10.

This Court has repeatedly and consistently recognized the simplification of IPR proceedings when weighing this factor. *E.g.*, *Cleveland Med. Devices, Inc. v. ResMed Inc.*, C.A. No. 22-794, D.I. 300 (Oral Order) (D. Del. June 21, 2024) (granting stay where case involves patents not subject to IPR because "PTAB's decision could reduce the current burden on the Court and greatly simplify the issues for trial"); *NEC Corp. v. Peloton Interactive, Inc.*, C.A. No. 22-987, D.I. 211 (Oral Order) (D. Del. June 21, 2024) (granting stay where "case would become significantly smaller in scope should Defendant prevail on its IPR-related invalidity challenges"); *ImmerVision, Inc. v. Apple Inc.,* 21-1484, D.I. 159 (Oral Order) (D. Del. October 17, 2023) (granting stay so that "the Court and the parties . . . only have to address certain … patent-related issues one time (as opposed to potentially twice)").

Indeed, Samsung has repeatedly conceded that IPRs simplify disputes. *See Samsung I*, D.I. 74 (Ex. B) at 8–10; *Samsung I*, D.I. 454 (Ex. C); *Samsung II*, D.I. 88 (Ex. D) at 4–5; *Samsung II*, D.I. 293 (Ex. E) at 4–7; *Samsung II*, D.I. 705 (Ex. F) at 4–6; *Samsung II*, D.I. 738 (Ex. G) at 5–7. This great potential for simplification and avoidance of redundant work was highlighted by

Samsung as the core reason to stay another declaratory judgment proceeding involving patents directly related to the '319 Patent in view of potential (not yet filed) IPR appeals. *Samsung D. Del. I*, D.I. 130 (Ex. H). There, Samsung contended that a stay pending further review of a set of IPR proceedings would "moot" all claims and counterclaims and would avoid "wast[ing]" the "parties' and the Court's resources." *Id.* at 7. And Samsung even urged a stay on an appeal of an IPR that it lost and that it had a remote chance of reversal because of the chance that "the parties and Courts would have wasted significant resources litigating the patent" as well as "essential[ity] to the JEDEC standards" and RAND terms. *Id.* at 8. Samsung highlighted the need for promoting judicial economy and avoiding "significant complexity, inefficiency, and duplicative discovery" on reversal absent a stay. *Id.* at 10.

## CONCLUSION

All factors, including the streamlining of issues and conservation of judicial resources, weigh heavily in favor of a stay in these unique circumstances. Netlist therefore respectfully requests the Court to stay this case pending final resolution of Samsung's IPR.

OF COUNSEL:
Jason G. Sheasby
Andrew J. Strabone
Isabella Chestney
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: June 13, 2025

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*